# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
February 4, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WILLIAM A. JOHNSON, JR.,**
**Claimant Below, Petitioner**

**vs.)    No. 14-1304** (BOR Appeal No. 2049523)
                        (Claim No. 2013026230)

**WEST VIRGINIA DIVISION OF HIGHWAYS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner William A. Johnson, Jr., by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Division of Highways, by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 21, 2014, in which the Board affirmed a May 27, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 11, 2013, decision to reject the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Johnson, an inspector for the West Virginia Division of Highways, asserted that he developed carpal tunnel syndrome in the course of and as a result of his employment. Sometime in 2006, Mr. Johnson had a nerve conduction study performed by Dr. Othman, which revealed the evidence of carpal tunnel syndrome. Dr. Othman's record was not made available for review. However, on May 10, 2007, Mr. Johnson had another nerve conduction study, which showed bilateral carpal tunnel syndrome. On August 15, 2011, Mr. Johnson was seen by Bruce Guberman, M.D., for an independent medical evaluation. Dr. Guberman found chronic post-traumatic strain of the right shoulder with persistent range of motion abnormalities. He also

1

found that the 2007 nerve conduction study revealed bilateral carpal tunnel syndrome. Mr. Johnson was found to be at his maximum degree of medical improvement. On March 15, 2013, Mr. Johnson had another nerve conduction study from Michael J. Kaminsky, D.C., his treating physician. This study was interpreted as an abnormal study. There was electrophysiological evidence of a moderate left and a severe right median nerve neuropathy at/or across the wrist. These findings are consistent with a bilateral carpal tunnel syndrome that was worse on the right. There were also findings suggestive of a bilateral ulnar neuropathy at/or across the elbow. There were no findings to indicate an acute or chronic cervical radiculopathy or a polyneuropathy. Based upon the foregoing, Mr. Johnson filed a claim for carpal tunnel syndrome on March 15, 2013.

On May 20, 2013, Mr. Johnson was seen by A. E. Landis, M.D., for an independent medical evaluation. Dr. Landis determined that Mr. Johnson had very minimal evidence of carpal tunnel syndrome, which could reasonably be related to his previous repetitive operation of heavy equipment. However, he recognized that carpal tunnel syndrome can occur in the absence of any type of excessive use of the hands or wrists. Dr. Landis opined that Mr. Johnson's current employment would not be an aggravating factor for his carpal tunnel syndrome claim. With adequate treatment, Dr. Landis anticipated improvement in his symptoms and did not recommend surgical intervention. Dr. Landis opined that Mr. Johnson was not at his maximum degree of medical improvement. He suggested conservative treatment for a period of time. On June 11, 2013, the claims administrator determined his carpal tunnel syndrome was not received in the course of and as a result of his employment. Mr. Johnson protested this determination.

On August 27, 2013, Mr. Johnson was deposed. He noted that he has problems in his back, knees, and arthritis in his hips. He was a heavy equipment operator until December of 2009. He then took a job as a highway inspector. As an equipment operator, he operated graders, loaders, backhoes, dump trucks, snow plows, and asphalt equipment. After his right shoulder surgeries, he transferred to a light-duty job. He did that job from December of 2009 and was performing this job when he filed his application for workers' compensation benefits due to carpal tunnel syndrome. His new job involved writing lots of reports. He stated that he drives approximately three hours a day for his job. An affidavit dated October 23, 2013, from David Goddard, Mr. Johnson's direct supervisor with the West Virginia Division of Highways was submitted. He noted that Mr. Johnson's work entails a five mile drive through unpaved road where he works as a field inspector. He noted that Mr. Johnson is provided a laptop on which he writes reports. Mr. Goddard stated that Mr. Johnson does not perform any job duty on a constant basis and that the majority of his day is spent observing the work of contractors.

On February 20, 2014, Dr. Landis performed a records review. Dr. Landis noted that his examination indicated only a slight carpal tunnel syndrome condition and that there was no indication of severe median nerve compression in either hand. He believed the wrist symptoms are most likely related to cervical radiculopathy, cervical disc disease, and a protrusion in the cervical spine. He did note that Mr. Johnson suffers from carpal tunnel syndrome and he believed the condition could have been aggravated by his previous heavy equipment work. Dr. Landis noted that Mr. Johnson's current supervisory work did not involve repetitive use of his hands and wrists.

2

The Office of Judges determined that Mr. Johnson's late-filed application barred him from receiving benefits. The Office of Judges recognized that it was not certain from the record when Mr. Johnson last worked as a heavy equipment operator. However, it was at least sometime in December of 2009. The Office of Judges gave Mr. Johnson the benefit of the doubt and adopted December 31, 2009, as the date of last exposure. The Office of Judges found that Mr. Johnson obviously did not file his claim for carpal tunnel syndrome within three years of the date of this last exposure because it would have had to be filed on or prior to January 1, 2013. The Office of Judges advised that according to Mr. Johnson's testimony, Dr. Othman performed a nerve conduction study in 2006, which found carpal tunnel syndrome. The Office of Judges also noted that Dr. Guberman diagnosed bilateral carpal tunnel syndrome on August 15, 2011, based upon a May 10, 2007, nerve conduction study. Because of this evidence, the Office of Judges found that Mr. Johnson was aware that he had carpal tunnel syndrome prior to the date of his last exposure as a heavy equipment operator. The Office of Judges, however, found that Mr. Johnson's job duties for the subject employer prior to January 1, 2010, were strenuous and repetitive enough to justify a carpal tunnel syndrome diagnosis. The Office of Judges found that his current job duties as an inspector were not repetitive or strenuous enough to have caused carpal tunnel syndrome. Because Mr. Johnson cannot demonstrate he had an aggravation of carpal tunnel syndrome or his condition was a result of his work related duties after December 31, 2009, the Office of Judges determined that he was not entitled to a finding of compensability. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the Office of Judges and Board of Review. Mr. Johnson did not timely file an application for carpal tunnel syndrome. The evidence demonstrates that he knew he had carpal tunnel syndrome before he quit working as a heavy equipment operator on December 31, 2009. His nerve conduction study showed carpal tunnel syndrome back in 2006 and Dr. Guberman opined he did have carpal tunnel syndrome in August of 2011, based upon a 2007 nerve conduction study. The Office of Judges and Board of Review were not in error in concluding he knew he had carpal tunnel syndrome prior to December 31, 2009. Thus, his application for benefits was not timely filed. For a claim to be valid

> the application for compensation shall be made . . . within three years from and after the day on which the employee was last exposed to the particular occupational hazard involved or within three years from and after the employee's occupational disease was made known to him or her by a physician or which he or she should reasonably have known, whichever last occurs . . . .

W. Va. Code § 23-4-15(c) (2010). Additionally, it is apparent that his current job duties from December 31, 2009, until the present are not repetitive and/or strenuous enough to have caused or exacerbated his carpal tunnel syndrome. Pursuant to West Virginia Code of State Rules § 85-20-41.5 (2006) "[s]tudies have failed to show a relationship between normal clerical activities and [carpal tunnel syndrome]." Because he was outside of his time limit in relation to his activities as a heavy equipment operator and his job activities as an inspector are not repetitive or

3

forceful enough to have caused or contributed to his carpal tunnel syndrome, it was not in error for the Office of Judges and Board of Review to deny the claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 4, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II